**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

DANIEL F. MCCARTHY,

       Plaintiff,

v.

BANK OF NEW YORK/MELLON, f/k/a
MELLON TRUST OF NEW ENGLAND, NA

       Defendant.

Civil Action No. 10-10486GAO

## ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

For its Answer to the numbered allegations of the Complaint, Defendant, The Bank of New York Mellon ("Defendant"), incorrectly named in the Complaint as Bank of New York/Mellon, hereby states as follows:

### PARTIES

1.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.     Defendant denies the allegations in paragraph 2 of the Complaint.

3.     Defendant admits that Plaintiff was an employee of Defendant and states that the remaining allegations in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required.

JURISDICTION AND VENUE

4.      Defendant states that the allegations in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required.

FACTUAL SITUATIONS

5.      Defendant admits the allegations in sentences 1-3 of paragraph 5.  Defendant denies the allegations in sentence 4 of paragraph 5.   Defendant admits the allegations in sentences 5 and 6 of paragraph 5.  Defendant denies the allegations in sentence 7 of paragraph 5, except states that at times Plaintiff was paid 37.5 hours weekly.  Defendant denies the allegations in sentence 8 of paragraph 5, except admits that in or about June 2004, Plaintiff internally raised the question of whether he was entitled to receive additional pay.   Defendant denies the allegations in sentence 9 of paragraph 5, except admits that he was the only security person employed directly by Defendant who was on site.  Defendant denies the allegations in sentence 10 of paragraph 5, except admits that as a result of an internal review, Defendant concluded that Plaintiff was owed back pay.  Defendant denies the allegations in sentence 11 of paragraph 5, except admits that in or about July 31, 2004, Plaintiff was issued a check and informed that he would be entitled to an unpaid meal break.  Defendant admits the allegations in sentence 12 of paragraph 5.  Defendant admits the allegations in sentence 13 of paragraph 5.  Defendant admits the allegations in sentence 14 of paragraph 5.  Defendant denies the allegations in sentence 15 of paragraph 5, except admits that Belfiore discussed performance-related issues with Plaintiff. Defendant denies the allegations in sentence 16 of paragraph 5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 17 of paragraph 5.  Defendant denies the allegations in sentence 18 of paragraph 5, except admits that Belfiore did not give Plaintiff a written 2006 performance appraisal.  Defendant admits the

allegations in sentence 19 of paragraph 5. Defendant denies the allegations in sentence 20 of paragraph 5, except admits that Belfiore spoke with Plaintiff by phone and asked him to write an explanation of each event, sign it and provide it to Belfiore. Defendant denies the allegations in sentence 21 of paragraph 5. Defendant admits the allegation in sentence 22 of paragraph 5 that Lead Security Supervisor Angelo Inzodda sent Belfiore an e-mail, states that the email is a document which speaks for itself, and denies the remaining allegations in sentence 22 of paragraph 5. Defendant admits the allegations in sentence 23 of paragraph 5. Defendant denies the allegations in sentences 24 and 26 of paragraph 5, except admits that notes exist, and states that the notes are documents which speak for themselves. Defendant denies the allegations in sentence 25 of paragraph 5. Defendant denies the allegations in sentence 27 of paragraph 5, except admits that Plaintiff did not receive a written 2006 Performance Appraisal. Defendant admits that the document referenced in sentence 28 of paragraph 5 is a memorandum dated February 13, 2007, states that the memorandum is a document which speaks for itself, and denies the remaining allegations in sentence 28 of paragraph 5. Defendant denies the allegations in sentence 29 of paragraph 5. Defendant states that the February 13, 2007 memorandum referenced in sentence 30 of paragraph 5 is a document which speaks for itself. Defendant denies the allegations in sentences 31 and 32 of paragraph 5, except admits that Belfiore commenced an investigation using a CCTV camera and further states that the February 13, 2007 memorandum referenced in sentences 31 and 32 of paragraph 5 is a document which speaks for itself. Defendant admits the allegations in sentence 33 of paragraph 5. Defendant states that the memoranda referenced in sentence 34 of paragraph 5 are documents which speak themselves. Defendant denies the allegations in sentence 35 of paragraph 5. Defendant admits the allegations in sentence 36 of paragraph 5. Defendant denies knowledge or information sufficient to form a

belief as to the truth of the allegations in sentence 37 of paragraph 5. Defendant denies the allegations in sentence 38 of paragraph 5, except admits that Plaintiff had a meeting with Belfiore and Kristina Glasier and was informed of his termination from employment. Defendant admits the allegations in sentence 39 of paragraph 5. Defendant admits the allegations in sentence 40 of paragraph 5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 41 of paragraph 5, except admits that it did not communicate with Plaintiff again after his termination from employment.

CAUSES OF ACTION

6.      Defendant denies the allegations in paragraph 6 of the Complaint.

DAMAGES

7.      Defendant denies the allegations in paragraph 7 of the Complaint.

8.      Defendant denies the allegations in paragraph 8 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part by the exclusivity provisions of the Massachusetts Workers' Compensation Act, G.L. c.152, §24.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by his internal remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to prevent or mitigate the damages he has sustained, if any, as a result of Defendant's alleged conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's common law claims are barred, in whole or in part, by his statutory remedies.

## NINTH AFFIRMATIVE DEFENSE

At all times Defendant acted in good faith in accordance with applicable laws.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and award the Defendant its costs and expenses in defending against this action, including reasonable attorneys' fees.

Respectfully submitted,

THE BANK OF NEW YORK MELLON

By its attorneys,


/s/ Samia M. Kirmani
David J. Kerman (BBO# 269370)
Samia M. Kirmani (BBO# 634699)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025; FAX: (617) 367-2155

Date:  March 24, 2010

## CERTIFICATE OF SERVICE

This hereby certifies that on this 24th day of March, 2010, a true and accurate copy of the above document was served upon Plaintiff, appearing *pro se*, Daniel F. McCarthy, 39 Otis Street, Melrose, MA 02176, via first-class mail, postage prepaid.

/s/ Sami M. Kirmani
Jackson Lewis LLP