UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10486-GAO

DANIEL F. McCARTHY,
Plaintiff,

v.

BANK OF NEW YORK/MELLON f/k/a MELLON TRUST OF NEW ENGLAND, N.A.,
Defendant.

OPINION AND ORDER
May 27, 2010

O'TOOLE, D.J.

The plaintiff, Daniel F. McCarthy, brought this wrongful termination action in Suffolk County Superior Court against his former employer, Bank of New York Mellon (the "Bank").[1] The Bank removed the case to this Court asserting federal jurisdiction based on diversity of citizenship. McCarthy now moves to remand the case.

Under 28 U.S.C. § 1332, a district court has diversity jurisdiction over a civil action so long as the parties are citizens of different States and the amount in controversy exceeds $75,000. McCarthy alleges the neither requirement is satisfied here. As the party seeking removal, the Bank bears the burden of showing that both requirements are satisfied. See Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co., 585 F.3d 33, 39 (1st Cir. 2009).

McCarthy, a Massachusetts citizen, argues that the Bank is also a Massachusetts citizen. As a corporate entity, the Bank is a citizen of the State where it has its principal place of business. 28 U.S.C. § 1332(c). McCarthy argues that the Bank has its principal place of business in Massachusetts, but in doing so, confuses the concepts of personal jurisdiction and service of

---

[1] The complaint erroneously identifies the employer as Bank of New York/Mellon.

process with diversity jurisdiction. Whether the Bank "transact[ed] business" here, see Mass. Gen. Laws ch. 223, § 3(a), or accepted service of process here, see Mass. R. Civ. P. 4(d), are irrelevant to locating its principal place of business. For purposes of diversity jurisdiction, a corporation has its principal place of business where its officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, -- U.S. --, 130 S. Ct. 1181, 1193 (2010). The Bank has introduced evidence that its headquarters are in New York and that its Chief Executive Officer and President work in the New York headquarters. Based on these facts, the Bank has its principal place of business in New York and is a citizen of that State.

McCarthy also argues that the amount in controversy is less than $75,000. The sum claimed by the plaintiff controls unless challenged by the defendant. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Once challenged, the defendant has the burden of showing that that the plaintiff's damages, if his claims succeed fully, rise above the jurisdictional threshold. See id.; see also Radlo v. Rhone-Poulenc, S.A., 241 F. Supp. 2d 61, 63-64 (D. Mass. 2002) (recognizing that the First Circuit has not yet determined whether a "legal certainty" or a "preponderance of the evidence" standard applies to motions to remand).

McCarthy alleges that his damages amount to $41,107, but the Bank argues that his allegation is unrealistically low. One of McCarthy's claims alleges wrongful termination under Massachusetts General Laws chapter 151B. If successful on this claim, the Bank points out that McCarthy is entitled to damages for back pay, front pay, emotional distress, and punitive damages. See Mass. Gen. Laws ch. 151B, §§ 5, 9; Stonehill Coll. v. Mass. Comm'n Against Discrimination, 808 N.E.2d 205, 221 (Mass. 2004). Back pay alone would equal his lost earnings from the date of termination to the date of judgment. See Reilly v. Mass. Bay Transp. Auth., 590 N.E.2d 196, 201-02 (Mass. App. Ct. 1992). A Bank representative avers that at the time of his

termination in 2007, McCarthy's annual salary was $33,400; thus, a damages award for three years of back pay would exceed $100,000. Consequently, the Bank has shown that McCarthy's damages, if his Chapter 151B claim succeeds fully, would likely rise above the jurisdictional threshold.

For these reasons, the Court has diversity jurisdiction over this action. The plaintiff's Motion to Remand (dkt. no. 5) is DENIED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge