UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10486-GAO

DANIEL F. McCARTHY,
Plaintiff,

v.

BANK OF NEW YORK/MELLON, f/k/a MELLON TRUST OF NEW ENGLAND, NA,
Defendant.

ORDER
March 19, 2012

O'TOOLE, D.J.

From 1995 until 2007, McCarthy worked on an at-will basis as a full-time security supervisor for the Bank of New York Mellon ("Mellon" or the "Company"). Beginning in 1999, he was assigned to work the night shift. He was entitled to work breaks, including up to a one-hour meal break, and was required to document any of his breaks in a "Shift Log" and verify the log at the end of his shift by signing it.

In 2004, McCarthy raised the question whether Mellon had properly paid him for his meal breaks. After an investigation, the company determined that McCarthy was owed backpay and paid him approximately $4,000.

During McCarthy's employment, the Company maintained a written disciplinary policy ("Policy"), which generally called for progressive discipline. However, the Policy provided that "there may be situations where the misconduct or performance may be so intolerable that the usual progressive discipline may not be followed, and it may be accelerated to a final warning or termination." (Kerman Decl. Ex. E (dkt. no. 22-3).) Such "intolerable offenses" included

"falsification of records or misrepresentation of facts relevant to Mellon business or employment" and "sleeping on the job." (Id.) The Policy further stated that it was "not an expressed or implied employment contract and does not create any contractual rights or promises concerning employment." (Id.)

In 2007, McCarthy was videotaped sleeping during a number of his shifts. At times, he slept for well over an hour during his shift at work. There were also occasions where he reported in the Shift Log that he had taken a 60 minute break, although he actually had been away from his work station, or sleeping, for over 90 consecutive minutes.

After learning of his sleeping and absence from his post, Mellon terminated McCarthy's employment in February 2007. McCarthy filed suit against the Company under several legal theories, three of which he continues to assert at this time, namely, breach of contract, breach of the covenant of good faith and fair dealing, and retaliation in violation of the Massachusetts Wage Act.

No reasonable juror could find that the Company breached a contract or the covenant of good faith and fair dealing when it terminated McCarthy from his employment. First, McCarthy was an at-will employee without an employment contract. Second, the Policy, upon which he seems to base his claims, states explicitly that it is not to be regarded a contract and that it gives rise to no contractual rights. Third, the Policy explicitly permits termination for precisely the conduct that McCarthy was caught doing: sleeping on the job and falsifying company records. McCarthy has not presented evidence sufficient for the jury to find in his favor on these claims. See Chiang v. Verizon New Eng., Inc., 595 F.3d 26, 34 (1st Cir. 2010).

Neither has he produced evidence sufficient to prevail on the retaliation claim allegedly arising from his 2004 complaint for backpay. First, he has failed to satisfy a statutory

2

precondition to suit by failing to file the required notice with the Massachusetts Attorney General's office. See Mass. Gen. Laws, ch. 149, § 150. More substantively, McCarthy cannot show that his 2007 termination was "causally connected" to his 2004 complaint. See Morón-Barradas v. Dep't of Educ., 488 F.3d 472, 481 (1st Cir. 2007) (eight months insufficient to establish causal connection); McMillan v. Mass. Soc'y for Prevention of Cruelty to Animals, 140 F.3d 288, 309 (1st Cir. 1998) (two years insufficient). Here, Mellon has presented a legitimate, non-retaliatory reason for the discharge, namely, the fact that McCarthy, a security supervisor, repeatedly was sleeping on the job and falsifying company records. In response, McCarthy has presented no plausible evidence to show that his termination for sleeping on the job and falsifying the log, which he does not contest that he did, was somehow a pretext for retaliation. In particular, he has not presented evidence that any similarly situated employee with a similar undisputed pattern of sleeping on the job and falsifying records was treated in a dissimilar fashion. See Kosereis v. Rhode Island, 331 F.3d 207, 214 (1st Cir. 2003) (examples of disparate treatment "must closely resemble one another in respect to relevant facts and circumstances"); Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999) (disparate treatment not established where supervisors, work locations, and time periods differed).

Accordingly, Mellon's Motion (dkt. no. 20) for Summary Judgment is GRANTED. McCarthy's Motion (dkt. no. 17) for Leave to File Amended Complaint is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge